## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS S. WASHAM, | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 07-2907 |
| | : | |
| LOUIS STESIS, et al., | : | |
| **Defendant** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                 **June 30, 2008**

This is a *pro se* civil rights lawsuit alleging a gross indifference to Thomas

Washam's constitutional rights.  On September 25, 2007, defendant, Mr. Louis G Stesis,

a Delaware County Assistant District Attorney, filed a Rule 12(b)(6) Motion to Dismiss

the plaintiff's complaint.  The following day, defendants, Ms. Deborah Gaston, the

Director of the Office of Judicial Support for the Delaware County Court of Common

Pleas (DCCC), and Ms. Karen Cuba, the Administrator of the Jury Commission for the

DCCCP filed a joint Motion to Dismiss.  The Prisoner Civil Rights Panel attempted to

appoint Mr. Washam counsel on two separate occasions.  Neither attorney accepted this

appointment and Mr. Washam filed his own response to defendant's motions to dismiss

on October 9, 2007.  For the reasons stated below, I will grant the defendants' Motions to

Dismiss.

## I.    BACKGROUND

Plaintiff was convicted by a jury of First Degree Murder on October 23, 1987.

The trial court sentenced Plaintiff to life imprisonment, which was affirmed by the

Pennsylvania Superior Court on March 9, 1990.  The Supreme Court of Pennsylvania denied review on March 22, 1991.

On May 24, 1991, Plaintiff sought relief under the Post Convicion Relief Act (PCRA), 42 Pa. C.S.A. § 9541, et seq.  The PCRA Court denied plaintiff relief, which was affirmed by the Pennsylvania Superior Court on November 24, 1993.

On September 8, 1995, plaintiff filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The United States Eastern District dismissed said petition on January 3, 1996, which was later affirmed by the United States Court of Appeals for the Third Circuit.  On December 18, 2000, plaintiff filed a second or successive pro se petition for a writ of habeas corpus.  The District Court dismissed said petition on February 20, 2001 and the Third Circuit subsequently denied the plaintiff's request to file the second or successive habeas petition.

On July 12, 2006, plaintiff filed a motion in this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Plaintiff alleged that his claim should not have been determined procedurally defaulted because the criminal trial transcript was incomplete.  On December 5, 2006, the District Court dismissed plaintiff's Rule 60(b) petition as an authorized habeas petition because his claim was ultimately asserting a claim of error in his state court conviction.

Plaintiff has now filed this pro se section 1983 action against Louis Stesis, Deborah Gaston and Karen Cuba on August 17, 2007.  Plaintiff asserts in his Complaint that the prosecutor in his murder trial illegally struck African Americans from the jury in

violation of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).  He further contends that the absence of the prosecutor's exercise of his peremptory strikes on the record demonstrates a willful concealment of the alleged <u>Batson</u> violation.

Plaintiff does not make any factual allegations against defendants Gaston or Cuba. He generally accuses defendant Gaston of nonfeasance and violation of his Constitutional rights and defendant Cuba of misfeasance and violation of his Constitutional rights. Plaintiff attached a page from the Delaware County Court of Common Pleas Opinion which identified defendant Stesis as the Assistant District Attorney who represented the Commonwealth in plaintiff's PCRA proceeding, not his murder trial.  This is the only mention of Defendant Stesis other than him being accused of malfeasance and violations of the plaintiff's Constitutional rights.

## II.    STANDARD FOR A MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of a complaint.  <u>Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3d Cir. 1987).   The court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  <u>Carino v. Stefan</u>, 376 F.3d 156, 159 (3d Cir. 2004) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  <u>Id</u>.  <u>See also</u> <u>D.P. Enters. v.  Bucks County Cmty. Coll.</u>, 725 F.2d 943, 944 (3d Cir. 1984).  In considering a Rule 12 (b)(6) motion,

we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A plaintiff, however, must plead specific factual allegations.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).

When a plaintiff proceeds *pro se*, a court is required to construe the complaint liberally and hold it to a less stringent standard because it is not drafted by an attorney. Lindsay v. Dunleavy, 177 F. Supp. 2d 398, 401 (E.D. Pa. 2001) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976), Haines v. Kerner, 404 U.S. 519, 521 (1972)).  The court has an additional duty under several federal statutes to review civil complaints filed by prisoners against a government entity and dismiss any portion of the complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who can assert immunity.  See 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

## III.   DISCUSSION

Drawing all reasonable inferences in favor of the plaintiff, there are no set of facts that will entitle him to relief.  The plaintiff makes bald assertions against three individuals who played minor roles in his First Degree murder conviction in September 1987.  The

plaintiff's complaint is barred by the statute of limitations, <u>Heck v. Humphrey</u>[1] and judicial/prosecutorial immunity.

### A.  Statute of Limitations

The statute of limitations on § 1983 civil rights claims is based on the statute of limitations for personal injury actions in the jurisdiction where the cause of action took place.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985).  The statute of limitation for personal injury claims in Pennsylvania is two years and accordingly is two years in this case. <u>Bougher v. University of Pittsburg</u>, 882 F.2d 74, 78 (3d Cir. 1989).  The limitations period begins to run as soon as the right to institute and maintain a suit arises, which is generally when the injury was inflicted.  <u>See</u> <u>In Re American Investors Life Ins. Co. Annuity Marketing and Sales</u>, 2007 WL 2541216, *27 (E.D. Pa.)  A motion to dismiss can be granted when the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.  <u>Hanna v. Veterans Adminstration Hospital</u>, 514 F.2d 1092, 1094 (3d Cir. 1975).

The plaintiff is claiming that he was subject to a <u>Batson</u> violation at his murder trial 20 years ago.  The statute of limitations has long since expired.  Further, the plaintiff filed his most recent PCRA petition arising from his 1987 conviction in 2004 also outside of the statute of limitations period.  The plaintiff's complaint is barred by the statute of limitations.

---

[1] 512 U.S. 477 (1994).

**B.  Heck v. Humphrey, 512 U.S. 477 (1994).**

Plaintiff's complaint is barred by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).  A plaintiff who has been convicted of a crime cannot bring a §1983 action that would directly or implicitly call into question the validity of the conviction unless the conviction had been reversed on direct appeal or impaired by collateral proceedings.  Gilles v. David, 427 F.3d 197, 209 (3d Cir. 2005), citing Heck, 512 U.S. at 486-487.

The plaintiff's complaint seeks an immediate injunction/suspension of his term of imprisonment as a result of his 1987 murder conviction.  This request clearly calls into question the validity of his underlying conviction.  Further, the plaintiff's murder conviction has not been reversed on appeal or impaired in any way.  The plaintiff's life sentence is still fully intact.  Thus, the plaintiff's complaint is barred.

**C.  Immunity**

Defendants Gaston and Cuba are entitled to judicial and/or quasi-judicial immunity.  Judicial or quasi-judicial immunity applies to court staff who act in their official capacities and are subsequently sued for their actions.  Davis v. Philadelphia County, 195 F. Supp.2d 686, 688 (E.D. Pa 2002).  Defendant Gaston is the Director of the Office of Judicial Support for the DCCCP.  Defendant Cuba is the Administrator of the Jury Commission for the DCCCP.  Both defendants were sued in their official capacities and, as such, are entitle to judicial and/or quasi-judicial immunity.

Defendant Stesis is entitled to prosecutorial immunity.  Prosecutors have absolute immunity from civil suits for damages under § 1983 for initiating and presenting a criminal case.  Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993).  Absolute prosecutorial immunity also extends to typical prosecutorial functions and activities.  See Imbler v. Pactman, 424 U.S. 409, 430 (1976).  Defendant Stesis was not the prosecutor at Plaintiff's murder trial; however he is still protected by prosecutorial immunity.  Defendant Stesis merely represented the Commonwealth in connection with plaintiff's PCRA proceedings.  Defendant Stesis is protected by prosecutorial immunity in this capacity.

Plaintiff's complaint is barred by the applicable statute of limitations, Heck v. Humphrey and judicial/prosecutorial immunity.  Plaintiff's claims are dismissed in their entirety.

## IV.   CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are granted.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **THOMAS S. WASHAM,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2907** |
| | : | |
| **LOUIS STESIS, et al.,** | : | |
| **Defendant** | : | |


**O R D E R**

**STENGEL, J.**


    **AND NOW**, this 30th day of June, 2008, upon consideration of defendant Stesis'

Motion to Dismiss (Document #13), defendants Gaston and Cuba's Motion to Dismiss

(Document #17) and plaintiff's response thereto, it is hereby **ORDERED** that the motions

are **GRANTED**.

    The Clerk of Court is directed to mark this case closed for statistical purposes.



               BY THE COURT:



               /s/ Lawrence F. Stengel

               LAWRENCE F. STENGEL, J.